United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-50237
_____

JOE A. VERNON,

Plaintiff - Appellee,

versus

ARNULFO GOMEZ; ET AL.;

Defendants,

LIONEL GARZA, Deputy, Individually; RICHARD
P. NATIVIDAD, Deputy, Individually,

Defendants - Appellants

----------------------------------------------------------------------

_____
consolidated with
No. 05-50436
_____

JOE A. VERNON,

Plaintiff - Appellant,

versus

ARNULFO GOMEZ, Sheriff; REEVES COUNTY; LIONEL GARZA,
Deputy, Official Capacity; ISRAEL CAMPOS, Deputy;
RICHARD P. NATIVIDAD, Deputy, Official Capacity;
TOWN OF PECOS CITY; HELEN VERNON, Officer,

Defendants - Appellees.
_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:04-CV-12 and 4:04-CV-36
_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Joe Vernon appeals the grant of summary judgment and motions to dismiss against him. Deputies Natividad and Garza appeal the denial of summary judgment on the excessive force claims against them. We affirm the district court's rulings as follows:

1. The dismissal of all claims against the City of Pecos for insufficient evidence;

2. The dismissal of all claims against Reeves County for insufficient evidence, except the claim based on the personal involvement of Sheriff Gomez in the alleged violation of Joe Vernon's constitutional rights, which is addressed below;

3. The dismissal of all pendent state law claims against Helen Vernon, Sheriff Gomez, Deputy Campos, Deputy Garza, and Deputy Natividad, as they are barred by the Texas Torts Claims Act. See TEX. CIV. PRAC. & REM. CODE § 101.106(a) (Vernon 2005);

4. The dismissal of the excessive force claims against Helen Vernon and Sheriff Gomez, as there is insufficient evidence to establish that they participated in the alleged actual use of force against Joe Vernon, or that the alleged conspiracy to violate the constitutional rights of Joe Vernon included an agreement to use excessive force;

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

5.  The dismissal of the claims against Helen Vernon and Sheriff Gomez of civil conspiracy to violate Joe Vernon's constitutional rights with respect to excessive force;[2]

6.  The dismissal of the claims of false arrest against Deputies Campos and Garza based on qualified immunity, as their "knowledge at the moment of arrest was sufficient for a person to conclude that [Joe Vernon] had committed or was committing an offense", see Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001);

7.  The dismissal of the claims against Deputies Campos and Garza of civil conspiracy to violate the constitutional rights of Joe Vernon as there is insufficient evidence to create a genuine issue of material fact as to whether Deputy Campos or Garza was involved in the alleged conspiracy;

8.  The denial of Deputy Garza's motion to dismiss the excessive force claim against him on the basis of qualified immunity, as the evidence does not conclusively establish that the alleged use of force against Joe Vernon was objectively reasonable, see Glenn, 242 F.3d at 312;

9.  The denial of Deputy Natividad's motion to dismiss the excessive force claim against him on the basis of qualified immunity, as the evidence does not conclusively establish that the

---

[2] Joe Vernon failed to sufficiently brief the dismissal of these claims. Consequently, appeal of these holdings has been forfeited.

3

alleged use of force against Joe Vernon was objectively reasonable, see Glenn, 242 F.3d at 312;

We reverse the following rulings of the district court because we find genuine issues of material fact exist that may determine the legal liability of these defendants, or because the dismissal of these claims was an error of law:

1. The dismissal of the claim of false arrest against Reeves County, as there is evidence to indicate Sheriff Gomez's direct involvement in the alleged tortious acts against Joe Vernon, see Turner v. Upton County, 915 F.2d 133, 137 (5th Cir. 1990);

2. The dismissal of the claim of false arrest against Helen Vernon, as there is evidence to indicate she was a participant in the alleged conspiracy and is thus not due qualified immunity;

3. The dismissal of the claim against Helen Vernon of civil conspiracy to violate Joe Vernon's Fourth Amendment right to be free from false arrest, as there is sufficient summary judgment evidence to suggest such a conspiracy in fact existed and that Helen Vernon was a participant therein along with state actors, see Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994);

4. The dismissal of the claim against Sheriff Gomez of civil conspiracy to violate Joe Vernon's Fourth Amendment right to be free from false arrest, as there is sufficient summary judgment evidence to suggest such a conspiracy in fact existed and that Sheriff Gomez participated therein;

5. The dismissal of the claim of false arrest against Sheriff Gomez, as there is sufficient summary judgment evidence to suggest that Sheriff Gomez participated in the alleged conspiracy, thus making him liable for any tortious conduct arising from the conspiracy, see, e.g., Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995);

6. The dismissal of the claim of excessive force against Deputy Campos, as there is sufficient evidence for summary judgment purposes to suggest that he was involved in the use of force against Joe Vernon and the evidence does not conclusively establish that such force was objectively reasonable, see Glenn, 242 F.3d at 312;

7. The dismissal of the claim of false arrest against Deputy Natividad, as he is not due qualified immunity on that claim as there is sufficient summary judgment evidence indicating his "knowledge at the moment of arrest was [in]sufficient for a person to conclude that [Joe Vernon] had committed or was committing an offense", see Glenn, 242 F.3d at 313;

8. The dismissal of the claim against Deputy Natividad of civil conspiracy to violate Joe Vernon's Fourth Amendment right to be free from false arrest, as there is sufficient summary judgment evidence to suggest such a conspiracy in fact existed and that Deputy Natividad was a participant therein.

These claims, as to which we are reversing, are remanded to the district court for further proceedings.

5

AFFIRMED in part; REVERSED in part; and REMANDED.